972 F.2d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James CELLO-WHITNEY, Jr., Peter M. Rosenblad, Plaintiffs-Appellants,
v.
Chase RIVELAND, Defendant-Appellee.
 No. 91-35773.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 27, 1992.*
Decided July 31, 1992.
 
 Before WRIGHT, FARRIS and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Cello-Whitney and Peter Rosenblad appeal the district court's bar order, entered on May 2, 1991, refusing to file the pleadings in this civil rights action. We affirm.
 
 
 3
 The district court entered the bar order pursuant to an earlier order dated October 27, 1988, in which the district court set out "a special procedure whereby any future requests by [Cello-Whitney] to proceed in forma pauperis in the Western District of Washington at Seattle or Tacoma will be denied, except upon a showing of good cause to the Court's satisfaction as to why [he] should be permitted to sue on a particular cause of action at public expense." The court noted at the time that Cello-Whitney had created a substantial burden by filing and attempting to file at least forty separate actions in the previous three years. Among other requisites, the special procedure required Cello-Whitney to "submit, with respect to any civil rights complaint, a separate statement, based on factual allegations, showing good cause why he should be permitted to sue on the new complaint."
 
 
 4
 The bar order states that Cello-Whitney and Rosenblad did not comply with the "separate statement" requirement. Cello-Whitney and Rosenblad contend on appeal that the district court erred in issuing the bar order because (1) the 1988 order bound only Cello-Whitney and not Rosenblad and (2) they in fact submitted the required "separate statement." We reject these contentions.
 
 
 5
 (1) The 1988 order applies by its terms to any request by Cello-Whitney to proceed in forma pauperis in the Western District of Washington. This suit fits that description. The fact that Rosenblad also was named as a party does not exempt this suit from the special procedure set out in the 1988 order.
 
 
 6
 (2) There is no record on this appeal, apart from the bar order. This is so because the bar order refused to accept the pleadings for filing and ordered them returned. We therefore have no way of knowing from the record whether Cello-Whitney and Rosenblad actually submitted the required "separate statement." The bar order indicated that they did not. Although Cello-Whitney and Rosenblad have submitted a copy of a "separate statement" on appeal, there is no reliable indication by way of file-stamp or otherwise that this document was actually submitted to the district court. We therefore cannot say that the district court erred in entering the bar order.
 
 
 7
 Because the district court properly rejected the pleadings under the 1988 order, we need not consider the propriety of the bar order under 28 U.S.C. § 1915.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4 the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3